THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES STOLOF, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH RIVLIN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISIDORE GOODMAN (True Name ISIDORE GUTMAN), Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACOB WELLNER, Appellant.— The guilt of defendants was proved beyond a reasonable doubt. Defendants assert there were errors in the record which require reversal. In the judgment of the court, those errors did not affect the substantial rights of defendants. (Code Crim. Proc. § 542.) Defendants were indicted for attempted extortion, in that they attempted to compel one Rogoff, a boss painter, to give them $300

in order to procure a contract with a district labor council of Brooklyn, to which defendants were attached, to enable him to engage union painters on painting contracts which required him to employ union labor. Defendants claim the $300 was sought to repay union employees of said Rogoff who had been underpaid by him. The alleged important item of error consists in excluding testimony to show that one Greenberg, a lawyer, had made prior statements contradictory to testimony given by him on the trial. That testimony indicated defendants were seeking " graft." The minutes of a certain meeting of the Brooklyn district council of September 5, 1935, written by defendant Stolof, are a silent witness which, with other testimony in behalf of the People, makes the errors harmless. There was testimony that all authority to act in connection with the contract with Rogoff came from the district council. These minutes of a meeting held the night before the marked money was handed over to two of the defendants contained no reference whatsoever to any money due from Rogoff to members of unions in Brooklyn. No authority was conferred to demand and receive any money from him due to union men in Brooklyn as a condition of giving him a contract with the Brooklyn district council. The attempted explanation by defendant Stolof of the absence from the minutes of any reference to authority to collect such moneys from Rogoff is not understandable. The reduction of the amount first demanded, from $500, to that afterwards demanded, $300, is also significant. Whether the $500 or $300 was to include $155, which it was claimed was a demand of District Council No. 28 of Queens county, is not made clear. The minutes recite that a communication was received from District Council No. 28 that $155 was due from Rogoff and that no contract should be given to him unless the sum of $155 was paid. No such communication was offered in evidence. No person was called as a witness to testify that he had so communicated with the district council in Brooklyn. The minutes of September 5, 1935, recite that the minutes of District Council No. 28 were read and filed. Why such minutes were received by the Brooklyn council is not stated, and those minutes, which may have contained the communication above referred to, were not offered in evidence. In what seems to have been an attempt to prove that there was some such communication, five affidavits by Queens county union men that they had received less than union wages from Rogoff were received in evidence. But the aggregate amount of these was only $87. It is claimed that these affidavits were sworn to September 5, 1935, but one of them bears the figures " 11," over which is written the figure " 5." Defendant Stolof testified that one Massarsky, secretary of Queens Council No. 28, informed him about the complaints of under-payment to union men in Queens county and gave Stolof the said five affidavits. Massarsky was not called as a witness. These facts indicate that the claims were either fictitious or an afterthought. A jury may have readily determined, from the foregoing alone, that defendants had no authority whatsoever to demand any money from Rogoff. Largely because of the foregoing, the court is of the opinion that the exclusion of the testimony said to discredit Greenberg, and also the improper remark of the district attorney at folios 1874–1875, and the reference (fols. 2136–2139), in the summing up, to the $400 found upon defendant Belsky, who is not an appellant here, if error, were harmless. Judgments of the County Court of Kings county convicting the defendants of the crime of attempted extortion unanimously affirmed, pur-

suant to the provisions of section 542 of the Code of Criminal Procedure. Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ.